FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Sep 11, 2018
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF<br><br>v.<br><br>$546,626.57 UNITED STATES CURRENCY<br>DEFENDANT PROPERTY | )<br>)<br>)<br>)  Civil No. __18-5176 PKH__<br>)<br>)<br>) |

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by its attorneys, Duane (DAK) Kees, United States Attorney for the Western District of Arkansas, and the undersigned Assistant United States Attorney, brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is an action to forfeit property to the United States for violations of 18 U.S.C. § 1343, and as such is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C).

**THE DEFENDANT IN REM**

2. The Defendant Property is $546,626.57 in United States currency, seized from the SunTrust Bank account in the name of Monica Anne Moore and ending in 3954, on July 26, 2018, which is presently in the custody of the United States Marshals Service.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. §§ 1355(a), 1355(b)(1)(A) & (B) and 1395(a). This Court also has jurisdiction over this particular action under 18 U.S.C. § 981.

4. This Court has *in rem* jurisdiction over the Defendant Property:

   a) pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district; and

   b) pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action occurred in this district and the defendant is found in this district.

5. Venue is proper in this district:

   a) pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district; and

   b) pursuant to 28 U.S.C. § 1395, because the action accrued in this district, the defendant is found in this district, and the property is located in this district.

## BASIS FOR FORFEITURE

6. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. ' 1343 (wire fraud).

## FACTS

7. Please see the Affidavit of Special Agent Alan Lee with the Federal Bureau of Investigation (FBI), attached hereto as Exhibit "A." The attached Affidavit is incorporated herein as if word-for-word and made a part of this Complaint. As such, the Affidavit is reincorporated here as if alleged herein and requires a responsive pleading to each separate averment contained therein.

## CLAIM FOR RELIEF

WHEREFORE the United States prays that the Defendant Property be forfeited to the United States, that the Plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,
DUANE (DAK) KEES
UNITED STATES ATTORNEY

By: _____
Aaron Jennen
Assistant United States Attorney
Arkansas Bar No. 2004156
414 Parker Avenue
Fort Smith, AR 72901
(479) 783-5125
Email: Aaron.Jennen@usdoj.gov

## VERIFICATION

I, Alan Lee, hereby verify and declare under penalty of perjury that I am a Special Agent with the FBI, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the FBI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct. Dated this 11th day of September 2018.

_____
Alan Lee
Special Agent
FBI

## EXHIBIT A

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR FORFEITURE OF PROPERTY

I, Alan Lee (hereinafter your Affiant), Special Agent, Federal Bureau of Investigation (FBI), being duly sworn in the manner provided by law, hereby depose and state as follows:

### AFFIANT EXPERIENCE AND KNOWLEDGE

1. I am currently a Special Agent with the FBI, and have been so employed for over twenty years. I am presently assigned to the Little Rock Office, Fayetteville Resident Agency of the FBI in Fayetteville, Arkansas. My current responsibilities are in part to investigate crimes including bank fraud, money laundering, wire fraud, mail fraud, and other federal crimes. I have been involved in the drafting and execution of search and seizure warrants relating to criminal investigations. I am currently participating in a wire fraud investigation involving the fraudulent diversion of Woodland Partners, Inc. payments intended for Noble Foods Inc., doing business as The Happy Egg Company.

2. This Affidavit does not include all of the information known to your Affiant and law enforcement officers who are part of this investigation. The information presented herein is derived from information provided by federal and local law enforcement agencies, the review and analysis of financial records, public sources and databases, and from other sources, including employees, investigators, and representatives of Noble Foods Inc., doing business as The Happy Egg Company, Woodland Partners, Inc., Eastern Bank, and SunTrust Bank.

1

3. This Affidavit is made for the limited purpose of establishing the forfeitability of the property described below. Because this Affidavit is for the limited purpose of establishing probable cause to forfeit the Defendant Property, it contains only a summary of the relevant facts. I have not included every fact known to me or others concerning this investigation.

## APPLICABLE FORFEITURE PRINCIPALS

### Civil Forfeiture

4. Title 18 U.S.C. § 981 governs the procedures in civil forfeiture, and subsection (a)(1)(C) provides that any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7) is subject to forfeiture. Title 18 U.S.C. § 1956(c)(7)(A) states that offenses listed in 18 U.S.C. § 1961(1) constitute specified unlawful activities. Title 18 U.S.C. § 1961(1) is the definition for "racketeering activity," and includes violations of 18 U.S.C. § 1343, wire fraud.

5. Property subject to civil forfeiture may be seized pursuant to Title 18 U.S.C. § 981(b). Further, there is no requirement that the government demonstrate that a protective order would suffice to insure the availability of the property.

6. Title 18 U.S.C. § 981(b)(3) provides that "a seizure warrant pursuant to this subsection may be issued by a judicial officer in any district in which a forfeiture action against the property may be filed under section 1355(b) of Title 28, and may be executed in any district in which the property is found."

7. Title 28 U.S.C. § 1355(b)(1)(A) provides that a forfeiture action may be brought in "the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."

## APPLICABLE CRIMINAL LAW

8.  Title 18 U.S.C. § 1343 provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by mean of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

## PROPERTY TO BE FORFEITED

9.  This Affidavit is being submitted in support of the forfeiture of United States currency totaling $546,626.57 seized from a SunTrust Bank account in the name of Monica Anne Moore and ending in 3954 on July 26, 2018.

## THE INVESTIGATION

10.  Since about March 2017, Noble Foods Inc., doing business as The Happy Egg Company ("Noble"), which is located in Rogers, Arkansas, which is in the Western District of Arkansas, Fayetteville Division, has been a vendor for Woodland Partners, Inc. ("Woodland"), which is located in Walpole, Massachusetts. Woodland pays Noble for egg products through Automated Clearing House (ACH) electronic fund payments from Eastern Bank to Rabobank.

11.  On or about March 9, 2018, Michelle Hassan with the Accounts Payable Department for Woodland received an email from "paul.mensing@noblefoodsusa.com", which advised of an attached newly updated company bank account for receiving payments, but the attachment was not included. On or about March 12, 2018, Hassan received an email from paul.mensing@noblefoodsusa.com, which provided the new updated company bank account with the attachment of a portable document format (pdf) file. According to the pdf file, a Noble letter

dated on or about March 9, 2018, was provided to Woodland, which changed Noble's bank account to SunTrust Bank account number ending in 3954 in Mayo, Florida. Noble's address on the letter was listed as 50 Francisco Street, Francisco, California.

12. On or about March 14, 2018, Woodland updated Noble's company bank account from Rabobank to SunTrust Bank account number ending in 3954. Subsequently, the following payments intended for Noble were electronically paid from Eastern Bank into SunTrust Bank account number ending in 3954:

| DATE | AMOUNT |
|---|---|
| 03/15/2018 | $ 131,049.60 |
| 03/21/2018 | $ 87,516.00 |
| 03/30/2018 | $ 87,516.00 |
| 04/11/2018 | $ 87,516.00 |
| 04/19/2018 | $ 33,022.00 |
| 05/08/2018 | $ 202,569.75 |
| 05/09/2018 | $ 175,032.00 |
| 05/10/2018 | $ 80,784.00 |
| 05/23/2018 | $ 87,516.00 |
| **TOTAL** | **$ 972,521.35** |

13. On or about May 23, 2018, Noble became aware during an accounts receivables meeting that Woodland had outstanding invoices totaling $972,521.35. Woodland advised Noble that $972,521.35 had been electronically paid into SunTrust Bank account number ending in 3954 as had been requested pursuant to the Noble email with the newly updated bank account information that Woodland had received.

14. On or about May 25, 2018, Noble contacted the FBI, who began investigating the diversion of payment intended for Noble to SunTrust Bank account number ending in 3954. During the investigation, the FBI learned that on or about February 8, 2017, Woodland hired Paul Mensing

as a Senior Revenue Deduction Analyst to monitor incoming and outgoing funds, to send invoices to customers, and to make sure that bills were paid on time. Woodland assigned an email address of "paul.mensing@noblefoodsusa.com" to Mensing. Additionally, Woodland gave Mensing authorization to Woodland's bank account at Rabobank, but Woodland did not give Mensing authorization to change Woodland's banking institution.

15. During the investigation, the FBI learned that on or about November 17, 2017, Noble had closed its former office located at 50 Francisco Street, Suite 203, San Francisco, California, but Mensing was able to work from Mensing's residence in Benicia, California, with a laptop computer provided by Noble. The FBI learned that Noble has used a computer "cloud server" from Microsoft since the end of 2017, and Noble uses an internet technical support company called Edafio, which is located in Rogers, Arkansas, which is in the Western District of Arkansas, Fayetteville Division. The FBI learned that Mensing believed his laptop computer had been "hacked" and Mensing reported this incident via email to Edafio. The FBI learned that Edafio was contacted by Mensing on or about March 26, 2018, and Edafio believed that "someone got into Mensing's profile and forwarded Mensing's emails."

16. On or about June 6, 2018, the FBI contacted Eastern Bank who began investigating the diversion of payments intended for Noble to SunTrust Bank account number ending in 3954. The FBI learned that Eastern Bank was unsuccessful in retrieving funds from SunTrust Bank account number ending in 3954. According to Eastern Bank, SunTrust Bank loss prevention had frozen SunTrust Bank account number ending in 3954.

17. According to SunTrust Bank, on or about May 10, 2018, SunTrust Bank loss prevention had frozen SunTrust Bank account number ending in 3954 due to an unacceptable risk or loss to SunTrust Bank. As of July 16, 2018, the balance of the frozen account was $546,626.57.

18. According to the SunTrust Bank records, SunTrust Bank account number ending in 3954 was opened on or about June 10, 2009, as a personal checking account at a SunTrust branch in North Carolina, and the sole owner was listed as Monica Anne Moore.

19. An analysis of SunTrust Bank account number ending in 3954 revealed that the account balance on or about March 14, 2018, was $728.50. An analysis of SunTrust Bank account number ending in 3954 revealed that the average account balance from December 12, 2017, through March 12, 2018 was $796.87. The balance of $546,626.57 as of July 16, 2018, is inconsistent with the normal activity of SunTrust Bank account number ending in 3954.

20. On July 25, 2018, I obtained a seizure warrant from United States Magistrate Judge Erin L. Wiedemann to seize the $546,626.57 contained in the SunTrust Bank account number ending in 3954. This seizure warrant was served on July 26, 2018. On August 3, 2018, a check from SunTrust Bank numbered 3231884376, made payable to the United States Marshals Service, and dated August 2, 2018, was received via FedEx. The check was delivered to the United States Marshals Service and deposited, where the $546,626.57 is currently being held.

## CONCLUSION

21.  Your Affiant submits that this Affidavit establishes probable cause to believe that the Defendant Property represents proceeds obtained as a result of violations of Title 18, U.S.C. § 1343, and, as such, are subject to forfeiture under Title 18, U.S.C. § 981(a)(1)(C).

FURTHER AFFIANT SAYETH NOT.

*Alan Lee*
Alan Lee
Special Agent, FBI

Subscribed to and sworn before me this 11th of September, 2018.

State of Arkansas        )
County of Washington     )

Before me, the above authority personally appeared, Special Agent Alan Lee, who having produced his Federal Bureau of Investigation credentials as identification and having being duly sworn, states that the foregoing is true to the best of his knowledge, information, and belief.

Witness my hand and official seal on this the 11th day of September, 2018.

*Kristy Ray*
Notary Public
Commission Expires: 11/25/2022

OFFICIAL SEAL
KRISTY RAY
NOTARY PUBLIC . ARKANSAS
WASHINGTON COUNTY
COMM. No. 12390801
COMM. EXP. 11/25/2022

(seal)

7